IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Anita Gay Logg and                        ) C/A No. 4:13-339-RBH
Michael John Tidwell,                     )
                                          )
                        Plaintiffs,       )
                                          )            **ORDER**
vs.                                       )
                                          )
Billy Huggins,                            )
                                          )
                        Defendant.        )
_____  )

     Plaintiffs, proceeding *pro se*, filed this civil action on February 7, 2013. Plaintiffs did not pay the $350 filing fee, and submitted a joint Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240, "Application"), which was construed as a Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 2; 28 U.S.C. § 1915. However, Plaintiffs' Application was not completed, signed, and dated by both Plaintiffs, and did not contain sufficient information for the Court to determine if Plaintiffs' Motion should be granted, pursuant to 28 U.S.C. § 1915(a), *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948), and *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.1980). Additionally, Plaintiffs did not submit proposed service documents for Defendant. By Order dated April 5, 2013, ECF No. 8, United States Magistrate Judge Thomas E. Rogers, III instructed Plaintiffs to either submit a properly completed, signed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) for each Plaintiff, along with Answers to the Court's Special Interrogatories, <u>or</u> pay the $350 filing fee for this case. Plaintiffs were also directed to submit properly completed and signed service documents for Defendant. *See* Order, ECF No. 8. The Magistrate Judge warned Plaintiffs that failure to provide the necessary

information and documents within the timetable set forth in the Order would subject the case to dismissal. *Id* at p. 2, 5. The Order was mailed to the address provided to the Court by Plaintiffs.

Plaintiffs failed to respond to the Order, and the time for responding lapsed on April 29, 2013. The mail in which the Order was sent to Plaintiffs has not been returned to the Court. Thus, the Court presumes that Plaintiffs received the Order but have neglected to comply with it within the time permitted under the Order. Plaintiffs' lack of response to the Order indicates an intent to discontinue  prosecuting this case and subjects the case to dismissal. As Plaintiffs have failed to prosecute this case and failed to comply with a court order, the case is **dismissed *without prejudice*** pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-36 (1962).

**IT IS SO ORDERED.**


s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge


May 13, 2013
Florence, South Carolina